CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 28 2014

JULIA C. DUDLEY, CLERK
BY: HMcDonaod
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MELVIN ALEXANDER BRITT,<br>Plaintiff, | Civil Action No. 7:14-cv-00076 |
| v. | **MEMORANDUM OPINION** |
| VIRGINIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Melvin Alexander Britt, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants the Virginia Department of Corrections ("VDOC"), the Keen Mountain Correctional Center ("KMCC"), KMCC Warden Leslie Fleming, KMCC Mail Clerk T. Higgins, and KMCC Grievance Coordinator Spencer J. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I deny Plaintiff's motion for a temporary restraining order ("TRO") and dismiss the action without prejudice as frivolous.

Plaintiff repetitively recites the same allegations about Defendants, albeit with slightly different wording, across forty-two pages of the Complaint. Plaintiff believes T. Higgins denied him access to courts by not delivering to him the final order from a state circuit court denying his petition for a writ of habeas corpus.[1] Plaintiff also recites that Fleming and Spencer J. violated

---

[1] Attachments to the verified statement, which are not incorporated to the Complaint, reveal Plaintiff had a petition for a writ of habeas corpus pending in the Norfolk City Circuit Court in 2012. Plaintiff filed a premature notice of appeal with the Norfolk City Circuit Court that took effect when that court dismissed the petition on August 30, 2012. The Clerk of that court mailed the dismissal order to Plaintiff at KMCC, but Plaintiff alleges that he never received it. Consequently, Plaintiff never knew the date by which he had to file a petition for appeal with the Supreme Court of Virginia, and the Supreme Court of Virginia dismissed the appeal in January 2013 for lack of prosecution. Plaintiff blames T. Higgins for "intentionally" depriving Plaintiff of various federal rights because no one delivered the Norfolk City Circuit Court's decision to Plaintiff.

federal rights by denying or not processing grievances in accordance with VDOC policies and procedures. Plaintiff requests $285 million.[2]

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Neither the VDOC nor the KMCC is a "person" subject to § 1983, and seeking $285 million

---

[2] In the motion for a temporary restraining order, Plaintiff complains about harassment, retaliation, and an incident where prison staff at a different prison threw boiling water on him, and he demands a transfer to a prison in the Eastern District of Virginia and medical treatment from a hospital that does not have a contract with the VDOC. The motion for a TRO is denied because Plaintiff fails to establish a relationship between the injury claimed in the motion and the conduct described in the Complaint. Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997); see In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003) (stating that without this nexus, the court should not consider the factors for preliminary injunctive relief). Even if he had, he fails to show how he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest.

from them in this § 1983 action pursues an indisputably meritless legal theory. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989).

The Complaint consists solely of labels and conclusions, which are not entitled to an assumption of truth and cannot be relied upon to state a claim upon which relief may be granted. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Consequently, the Complaint is dismissed without prejudice as frivolous, pursuant to the reasoning in White v. White, 886 F.2d 721, 723 (4th Cir. 1989), which upheld the dismissal of a complaint without prejudice as frivolous when the "plaintiff's complaint failed to contain any factual allegations tending to support his bare assertion that he was deprived . . . of meaningful access to the courts."

Even if there was something beyond repetitive paragraphs, none of the conclusory "claims" can be liberally construed into a sufficiently stated claim entitling him to relief that a defendant would be able to answer, pursuant to Rules 8, 10, and 12(b).[3] Plaintiff does not have a federal right to access the VDOC grievance system. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Furthermore, the claim that Defendants did not follow their own independent policies or procedures also does not state a federal claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Moreover, Plaintiff cannot rely on respondeat superior or res ipsa loquitur to state a claim against the prison mail clerk for lost mail, and Plaintiff fails to establish he had a "non-frivolous" legal claim to appeal when the habeas petition

---

[3] Plaintiff states that he intends to file six additional lawsuits with this court in the coming weeks. Plaintiff is advised that his future complaints must conform to Rules 8 and 10 of the Federal Rules of Civil Procedure, which require "a short and plain statement of the claim showing that the pleader is entitled to relief" to be set out in numbered paragraphs, each limited to a single set of circumstances. Plaintiff is further advised that failure to comply with the Federal Rules of Civil Procedure may result in the dismissal of future actions.

was dismissed. See Lewis v. Casey, 518 U.S. 343, 352 (1996) (holding a prisoner claiming denial of access to the courts must describe an actual injury by showing a defendant's actions hindered his ability to pursue a nonfrivolous legal claim); Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982) (finding that § 1983 requires a showing of defendant's personal fault either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs). The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002); see Wardell v. Maggard, 470 F.3d 954, 959 (10th Cir. 2006) (denying access to court claim based on allegation that petition for a writ of certiorari had, for unspecified reasons, been dismissed and where plaintiff did not even mention the point on appeal). Plaintiff fails to describe "the predicate claim . . . well enough to apply the 'nonfrivolous' test and to show [that] the 'arguable' nature of the underlying claim is more than hope." Christopher, 536 U.S. at 416 (footnote omitted). Accordingly, the motion for a TRO is denied and the Complaint is dismissed without prejudice as frivolous because it pursues indisputably meritless legal theories and does not contain factual allegations tending to support a bare assertion of prejudice from an alleged denial of meaningful access to courts. See White, supra.

ENTER: This 28th day of March, 2014.

*[signature]*
Senior United States District Judge